UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Scott M. Cummings

    Plaintiff,

vs.

CASE NO.:

8:21 cv 1173 VMC-JSS

ESURANCE INSURANCE COMPANY,

    Defendants.
_____/

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Defendant, ESURANCE INSURANCE COMPANY (hereinafter "Esurance"), pursuant to 28 U.S.C. § 1446(B), hereby petitions this Court for the removal of Plaintiff's Complaint in the above-styled action from the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and in support of its Notice of Removal states:

1. Defendant gives notice of the exercise of its rights under the provisions of 28 U.S.C. §1332, §1441 and §1446 to remove this action from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, case number 21-001321-CI.

2. This action arises from a November 1, 2010 automobile accident involving in which Esurance insured Jason R. Langley was alleged to have caused injury to Plaintiff. Plaintiff alleges that Esurance failed to settle Plaintiff's claim against Mr. Langley in good faith.

3. Plaintiff's underlying tort action against Mr. Langley, Pinellas County Circuit



Court case number 11-1258-CI21 resulted in a Final Judgment against Mr. Langley in favor of Plaintiff in the amount of $300,000.00, plus interest. The current action seeks same as damages against Esurance.

4. On April 22, 2021 Esurance was served with a Summons and a copy of the Complaint.

5. Plaintiff was, at the time of commencement of this action, and continues to remain, a resident of Pinellas County, Florida.

6. Progressive is incorporated in the state of California with its principal place of business in San Francisco, San Francisco County, California.

7. The amount in controversy and at issue in this case, as pled by Plaintiff, is in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), the jurisdictional limits of this Court.

8. Based upon the allegations and the facts set forth above, and in Plaintiff's Complaint, this is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, which grants the United States District Court original jurisdiction over actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

9. In accordance with 28 U.S.C. § 1446, Esurance's Notice of Removal has been filed within thirty (30) days following service of the Complaint on Esurance.

10. Contemporaneously with filing this Notice of Removal, Progressive has paid the removal fee to the Clerk of the United States District Court.

11. Copies of all process, pleadings, orders, and other papers or exhibits of every

kind, including depositions, currently on file in the state court are filed herewith.

12. A Notice of Removal has been filed simultaneously in the State court and with opposing counsel, in full compliance with 28 U.S.C. § 1446(d).

## MEMORANDUM OF LAW IN SUPPORT OF REMOVAL

A defendant who desires to remove a civil cause of action from state court to a Federal district court may do so by following the procedures outlined in 28 U.S.C. § 1446. To remove a case commenced in State Court pursuant to 28 U.S.C. § 1441 and § 1332, all requirements of diversity jurisdiction must be met by the party seeking to remove. See Leonard v. Kern, 651 F. Supp. 263 (S.D. Fla. 1986). Complete diversity must exist between the parties and the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332; Id. at 264. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

### I. THE PARTIES ARE DIVERSE AND THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL THRESHOLD.

One such basis for the original jurisdiction of the United States district court is diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Specifically, 28 U.S.C. § 1332(a) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between, "(1) citizens of different States." Therefore, in order for a defendant to exercise its option to remove a case from state court to a federal district court, it must normally demonstrate that all parties-plaintiff are diverse from all parties-defendant, and that the amount in controversy is greater than $75,000.00.

The burden is on the party wishing to remove to show that it has met all removal requirements. See Wright v. Continental Cas. Co., 456 F. Supp. 1075, 1078 (N.D. Fla. 1978).

Esurance has met all of the requirements to establish diversity jurisdiction in this matter. Defendant Esurance is a foreign corporation incorporated in the State of California with its principal place of business located in California. Plaintiff is a citizen of Hillsborough County, Florida. Thus, diversity of citizenship exists pursuant to 28 U.S.C. § 1332 and 1441. See Fortson v. St. Paul Fire and Marine Ins. Co., 751 F.2d 1157 (11th Cir. 1985)

Esurance has also fulfilled the requirement that the amount in controversy exceeds $75,000.00. The amount in controversy is measured by determining the value of the litigation from the plaintiff's perspective. See Sandifer Partnership, Ltd. v. Dolgencorp, Inc., 2005 WL 2063790 (M.D. Fla. 2005) (citing Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc., 120 F.3d 216, 220 (11th Cir. 1997)). Plaintiff's Complaint seeks recovery of the full amount of the underlying Final Judgment in Plaintiff's favor and against Esurance's insured, Mr. Langley. A reasonable reading of Plaintiff's Complaint demonstrates that the amount in controversy from Plaintiff's perspective is $300,000.00, exclusive of interest, costs, and attorney's fees. Therefore, Plaintiff clearly seeks damages in excess of the minimum jurisdictional requirements of this Court.

## II. **ESURANCE'S REMOVAL IS TIMELY**

According to 28 U.S.C. § 1446(b),

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after

the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Regarding the 30-day provision cited in the first paragraph, the Supreme Court of the United States has held that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Carter v. Frito-Lay, Inc., 144 F. App'x. 815, 817 (11th Cir. 2005)(quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325, 143 L.Ed.2d 448 (1999)).

Because Esurance's Notice of Removal was filed within thirty days of April 22, 2021, removal was done in a timely manner.

## III. **ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET.**

Section 1446(a) requires that a defendant desiring to remove a case file a signed notice of removal in the district court of the United States for the district and division within which such action is pending containing a short and plain statement of the grounds for removal, along with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1446(d) further provides that after the filing of such notice of removal of a civil action the defendant "shall give written notice thereof to all adverse parties" and

shall file a copy of the notice with the clerk of such State court, which shall effect the removal and stay the State court proceedings unless and until the case is remanded.

Esurance has satisfied the other procedural requirements by giving notice to Plaintiff, filing a Notice of Removal with the State Court, and attaching to its Notice of Removal all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, currently on file in the state court.

WHEREFORE, Defendant Esurance has met all the conditions for removal and respectfully requests this Court accept Esurance's Notice of Removal and thereby take jurisdiction of this action and grant such further relief as this Court deems appropriate. Respectfully submitted on May 12, 2021.

        s/ Jennifer C. Worden
        JENNIFER C. WORDEN
        FBN: 0498191
        MARTINEZ DENBO, LLC
        2935 First Avenue North, 2nd Floor
        St. Petersburg, FL 33713
        (727) 894-3535, Telephone Number
        (727) 502-9621, Facsimile Number
        Attorneys for Defendant, Esurance
        ServiceSTP@CivilLit.com

I HEREBY CERTIFY that I mailed the foregoing to the Clerk of the Court via US Mail and sent a copy, via U.S. Mail, to attorney for Plaintiff, Eduardo R. Latour, Esquire, 135 East Lemon Street, Tarpon Springs, FL 34689, on this 12th day of May 2021.

        MARTINEZ DENBO, LLC

        s/ Jennifer C. Worden
        **JENNIFER C. WORDEN**
        FBN: 0498191
        2935 First Avenue North, 2nd Floor

St. Petersburg, FL 33713
(727) 894-3535
Attorneys for Defendant Esurance
ServiceSTP@CivilLit.com